# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHRISTOPHER J. MULLINAX,

    Plaintiff,

-v-                                    Case No.  8:12-CV-672-T-30TGW

DARREN ARCHER WATERS, et al.,

    Defendants.
_____/

## **ORDER**

Plaintiff, a prisoner currently detained at Pinellas County Jail, Clearwater, Florida, and proceeding *pro se,* initiated this cause of action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and motion for leave to proceed in this action *in forma pauperis* (Dkt. 2). Plaintiff names Bob Dillinger, Public Defender for the Sixth Judicial Circuit of Florida, and Darren Archer Waters, the Assistant Public Defender who represented Plaintiff in a criminal case in state court in 2011, as defendants in this action. The complaint essentially alleges that Defendant Waters provided Plaintiff with ineffective assistance. As relief, Plaintiff seeks monetary damages, reversal of his conviction, and disciplinary action against Defendants.[1]

---

[1] To the extent that Plaintiff wants disciplinary action taken against Defendants, he must do what it appears he has already done, i.e., file a complaint with the Florida State Bar.

## ANALYSIS

Because Plaintiff has not paid the filing fee and therefore seeks to proceed *in forma pauperis* in this action, this Court is required to review Plaintiff's case to determine whether his allegation of poverty is untrue, *see* 28 U.S.C. § 1915(e)(2)(A), or whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

A complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See id.* at 328. Section 1915(e)(2)(B)(I) dismissals should only be ordered when the legal theories are "indisputably meritless," *id*. at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).

Plaintiff sues his court appointed defense counsel, apparently because he received ineffective assistance of counsel. Plaintiff's claim against Defendants is fatally flawed because the complaint fails to meet the requirements of a § 1983 action as Defendants are not "persons" "acting under of color of state law" for the purposes of the statute. Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County, et al. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). *See also Pearson v. Myles*, 189 Fed. Appx. 865 (11th Cir. 2006) (unpublished opinion) (court appointed defense counsel was not acting under color of state law in her capacity as his defense counsel). Here, Defendants are not acting "under color of state law" because they are "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County*, 454 U.S. at 325.

In sum, to sustain an action under section 1983, Plaintiff must show that the conduct complained of was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). Because Defendants' actions do not constitute actions committed by persons acting under color of state law, Plaintiff fails to state a claim for relief under § 1983.

Lastly, to the extent that the complaint requests Plaintiff's release from incarceration and reversal of the criminal conviction, his request is not cognizable under § 1983. Plaintiff's exclusive remedy is a petition for writ of habeas corpus. *See Pugh v. Smith*, 333 Fed. Appx. 478 (11th Cir. June 24, 2009) (unpublished) (stating that "[a] habeas petition is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate release.") (citing in part *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915 (e) (2) as frivolous (Dkt. 1).

2. The Clerk of Court shall terminate all pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 3, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*